Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
Suite 914
San Francisco, CA 94104
Ph: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiff Saxon S. Peters

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Saxon S. Peters, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | (Fair Credit Reporting Act |
| PNC Bank, National Association; | ) | 15 USC § 1681 et seq) |
| Equifax Information Services LLC, a Georgia | ) | |
| limited liability company, and | ) | DEMAND FOR JURY TRIAL |
| Experian Information Solutions, Inc., an Ohio | ) | |
| Corporation; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### Preliminary Statement

1.      This is an action for damages brought by Saxon S. Peters against defendants PNC

Bank, National Association; Equifax Information Services LLC, and Experian Information Solutions,

Inc. for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*.  (FCRA) and the California

Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a)-(c).

### The Parties

2.      Plaintiff Saxon S. Peters is an individual consumer.

3.      Defendant PNC Bank, National Association ("PNC Bank") is a large bank that has its headquarters in Pittsburg, PA.

4.      Defendant Equifax Information Services LLC is a limited liability company organized under the laws of Georgia that has its principal place of business in Atlanta, GA.

5.      Defendant Experian Information Solutions, Inc., is an Ohio corporation, with its principal place of business in Costa Mesa, CA.

### Jurisdiction & Venue

6.      The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and supplemental jurisdiction over the California Civil Code claims pursuant to 15 USC § § 1367.

7.      The defendants regularly conduct business in this district. Plaintiff is a resident of Sacramento, California, and the events described in this complaint arose in this district.

### Description of the Case

8.      From February 2008 to March 2012, defendant PNC Bank held a loan secured by a deed of trust on plaintiff's residential property located at 1003/1005 W. 24th St., Lawrence, Kansas ("Mortgage 1").

9.      From October 2008 to July 2011, defendant PNC Bank held a loan secured by a deed of trust on plaintiff's residential property located at 2453/2455 Winterbrook Dr., Lawrence, Kansas ("Mortgage 2").

10.     Plaintiff made the monthly payments to PNC Bank through Citibank's Bill Payment service. Pursuant to plaintiff's standing instructions and consistent with past practice, Citibank issued checks in the amount of $1,338.99 and $1,471.25  on November 10, 2009, payable to PNC Mortgage, for Mortgage 1 and Mortgage 2 respectively. These payments were timely, but PNC Bank failed to cash the checks for reasons unknown to plaintiff.

11.     On December 11, 2009, plaintiff learned that PNC Bank had failed to cash the checks. Plaintiff immediately made payments to PNC Bank using alternative means. On the same day, Citibank stopped payments on the checks issued on November 11, 2009, and credited plaintiff's checking account.

12.     On June 28, 2010, Citibank sent plaintiff a letter confirming that checks were issued to PNC Bank on November 10, 2009, but were never cashed.

13.     Beginning in or about December 2009, PNC Bank began reporting that plaintiff had been 30 days delinquent in making the monthly payments due on Mortgage 1 and Mortgage 2. PNC Bank has, during each month from December 2009 to date reported to Experian, Equifax and Trans Union, the three nationwide credit reporting agencies, (the CRAs) that plaintiff was 30 days late in making the December 2009 payments.

14.     On June 5, 2014, plaintiff mailed letters to Equifax, Experian and Trans Union, the three nationwide credit reporting agencies, (the "CRAs") disputing PNC Bank's reports that he had made late payments in December 2009. The letters explained that PNC Bank had failed to cash the checks issued on November 10, 2009, and that plaintiff had paid PNC Bank on December 11, 2009, upon learning PNC had not cashed the checks.

15.     Following standard procedures, upon receipt of the dispute letters the CRAs sent automated consumer dispute verification requests (ACDVs) to PNC Bank. The ACDVs likely stated that plaintiffs disputed the accuracy of its credit reporting. In response to the ACDVs, PNC Bank reported to the CRAs to make no changes in its reporting on the account, *i.e.*, that plaintiffs had been 30 days late in making his payments on the accounts in December 2009.

16.     On June 16, 2014, Equifax sent plaintiff the results of its reinvestigation which were that the report that plaintiff had been late in making the December 2009 loan payments was unchanged.

17.     On June 17, 2014, Experian sent plaintiff the results of its reinvestigation stating that it was not able to use plaintiff's dispute to make the changes or deletions plaintiff had requested. Experian continued that it was contacting the furnisher (PNC Bank) and would update plaintiff when its investigation was complete. To date, plaintiff has not received an update from Experian.

18.     On June 24, 2014, Trans Union sent plaintiff the results of its reinvestigation; Trans Union changed the 30 day late payment reports to "unknown."

19.     Within the two years preceding the filing of this complaint, PNC Bank transmitted inaccurate and incomplete loan information to the CRAs knowing that the CRAs would sell the credit information to anyone who had a permissible purpose to obtain the credit information and who was willing to pay the CRAs fees such as banks and finance companies.

20.     From time to time during the two years preceding the filing of this complaint, credit grantors from whom plaintiff sought credit obtained plaintiff's credit reports from the CRAs, which reports included PNC Bank's incomplete and inaccurate reports that plaintiff had been 30 days late in making his mortgage payments in 2009.

21.     The credit grantors who received and relied on the Bank's inaccurate and incomplete credit information in this period include Wells Fargo, Bank of America, Chase Bank, and CitiBank.

22.     Each such sale of credit information by a CRA during the two years preceding the filing of this complaint was a republication of PNC Bank's inaccurate and incomplete reports that plaintiff had been late in making mortgage payments in 2009.

23.     PNC Bank's reports to the credit bureaus concerning Mortgage 1 and Mortgage 2 were inaccurate, misleading, and incomplete.

24.     Despite plaintiff's efforts, PNC Bank, Experian and Equifax willfully, intentionally, recklessly and negligently repeatedly failed to follow procedures that would correct the inaccurate, misleading and incomplete credit information.

**Plaintiffs' Damages**

25.    Credit scores are used by credit grantors to decide whether to extend credit. The credit scores are primarily based on the contents of the consumer's credit reports published by CRAs.

26.    PNC Bank's inaccurate and incomplete credit reporting on Mortgage 1 and Mortgage 2 caused a significant reduction in plaintiff's credit scores. Lower credit scores meant plaintiff could not get credit at all or that credit he did obtain was only available at higher interest rates than he would otherwise have had to pay.

27.    In addition, continuously during the two years preceding the filing of this complaint, plaintiff has suffered emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration due to PNC Bank's inaccurate and incomplete credit reporting and will continue to suffer the same for an indefinite time in the future.

28.    As a result of defendants' conduct, plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiff will continue to suffer the same for an indefinite time in the future, all to plaintiff's great detriment and loss.

**First Claim: Violation of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against PNC Bank**

29.    Plaintiff incorporates by reference ¶¶ 1-28.

30.    California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

31.    PNC Bank negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate, misleading, and incomplete.

32.    PNC Bank failed to conduct a reasonable investigation as to whether its credit

reporting was accurate, misleading or incomplete.

33.     Based on these violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**Second Claim: Violation of the Fair Credit Reporting Act—Against PNC Bank**

34.     Plaintiff incorporates by reference ¶¶ 1-28.

35.     The FCRA requires a furnisher such as PNC Bank, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

36.     Within the last two years, defendant PNC Bank provided inaccurate and misleading information to the credit reporting agencies.

37.     PNC Bank violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a)     willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

(b)     willfully and negligently failed to review all relevant information concerning plaintiff's accounts;

(c)     willfully and negligently failing to report the results of investigations to the three national credit reporting agencies;

(d)     willfully and negligently failing to report the inaccurate status of the inaccurate

(e)     information to the credit reporting agencies;

(f)     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the credit reporting agencies concerning the inaccurate information disputed by plaintiff;

(g)     willfully and negligently failing to provide the credit reporting agencies with the factual information and evidence plaintiff submitted to defendants that proved that the information concerning plaintiff's credit reports was inaccurate;

(h)     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiff's account to the credit reporting agencies;

(i)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b); and

38.    As a result of the violations of § 1681s-2(b), plaintiff has been damaged.

**Third Claim: Violation of the Fair Credit Reporting Act—Against Equifax and Experian**

39.    Plaintiff incorporates by reference ¶¶ 1 through 28.

40.    The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1) (A).

41.    In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

42.     Within the two years preceding the filing of this complaint, plaintiff notified Equifax and Experian about the inaccuracies contained in its reports and asked it to correct the inaccuracies.

43.     Equifax and Experian each failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed.

44.     Equifax and Experian each failed to review and consider all relevant information submitted by plaintiff.

45.     Equifax and Experian each failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit reports, information and file in violation of 15 USC § 1681e(b).

46.      As a result of the above-described violations of § 1681i and § 1681e(b), plaintiff has sustained damages.

47.     The violations by Equifax and Experian of the FCRA were willful and therefore plaintiff is therefore entitled to also seek statutory and punitive damages.

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

1.      Actual, statutory and punitive damages;

2.      Injunctive relief;

3.      Costs and attorney's fees; and

4.      Such other relief as the Court may deem proper.

Dated: July 9, 2014.

ANDERSON, OGILVIE & BREWER LLP

By   /s/ *Mark F. Anderson*
        Mark F. Anderson
        Attorney for Plaintiff

1

DEMAND FOR JURY TRIAL

2

Plaintiff demands a trial by jury on all issues.

3

Dated: July 9, 2014.

4

ANDERSON, OGILVIE & BREWER LLP

5

6

By */s/ Mark F. Anderson*

7

Mark F. Anderson
Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28